# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-357V
Filed: March 18, 2016
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| VERA IVANCHUK, as mother and Natural guardian, and ANDREY IVANCHUK, as father and natural Guardian of Y.I., | \* \* \* \* |
| Petitioner, | \* |
| v. | \* \* |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* \* |
| Respondent. | \* \* |

Attorneys' Fees and Costs;
Special Processing Unit ("SPU")

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Jeffrey Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for petitioner.*
*Christine Becer, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On April 9, 2015, Vera and Andrey Ivanchuk ("petitioners") filed a petition for compensation on behalf of Y.I., their minor child, under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). The petition alleged that Y.I. experienced thrombocytopenic purpura following the administration of a number of vaccinations, including Measles, Mumps, and Rubella (MMR). Petition at 1-2. On February 4, 2016, the undersigned issued a decision awarding compensation to petitioners based on respondent's proffer. (ECF No. 28).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On March 3, 2016, petitioners filed a motion for attorneys' fees and costs.  (ECF No. 33). Petitioners request attorneys' fees in the amount of $15,167.50 and attorneys' costs in the amount of $863.38 for a total amount of $16,030.88.  Id. at 1.  In compliance with General Order #9, petitioners have filed a signed statement indicating petitioners incurred no out-of-pocket expenses.

On March 15, 2016, respondent indicated to the court via e-mail that she would not be filing a response to petitioners' application.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioners' motion for attorneys' fees and costs.[3]

**Accordingly, the undersigned awards the total of $16,030.88[4] as a lump sum in the form of a check jointly payable to petitioners and petitioners' counsel Jeffrey S. Pop & Associates.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey  
Nora Beth Dorsey  
Chief Special Master

---

[3] The undersigned is granting petitioners' motion based on the reasonableness of the overall amount sought for attorneys' fees and costs given the circumstances in this case.  This decision should not be interpreted as an acceptance of the reasonableness of either the hourly rate or amount of hours billed in this case.  In other cases, the undersigned may reduce either the hourly rate requested or the amount of hours billed.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.