# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-357V
Filed: November 19, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| VERA IVANCHUK, as mother and, natural guardian, and ANDREY IVANCHUK, as father and natural guardian of Y.I.<br><br>   Petitioner,<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>   Respondent. | Ruling on Entitlement;<br>Measles, Mumps, and Rubella (MMR);<br>Thrombocytopenic purpura;<br>Table Injury; Special Processing Unit ("SPU") |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Jeffrey S. Pop*, Jeffrey S. Pop & Associates, Beverly Hills, CA, for petitioner.
*Christine Mary Becer*, U.S. Department of Justice, Washington, DC, for respondent.

### RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

  On April 9, 2015, petitioners filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioners allege that their minor child, Y.I., experienced thrombocytopenic purpura following the administration of a number of vaccinations, including Measles, Mumps and Rubella (MMR). Petition at 1-2. Although Y.I.'s alleged injury did not persist for at least six months, petitioners alleged that Y.I. underwent a surgical intervention as a result of her vaccination(s), because she underwent a bone marrow aspiration and biopsy under anesthesia during her hospitalization. *Id*. at 2-3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On September 18, 2015, the undersigned issued a finding of fact concluding that "Y.I. experienced hospitalization and surgical intervention within the meaning of §300aa-11(c)(1)(D)(iii) of the Vaccine Act."  ECF No. 13 at 4.

On November 18, 2015, respondent filed her Rule 4(c) report in which she recommends that compensation be awarded in this case.  Respondent's Rule 4(c) Report at 1.  Specifically, respondent agreed that Y.I.'s injury meets the diagnostic criteria for thrombocytopenic purpura in that her initial platelet count was 2,000, below the 50,000/mm3 threshold identified by the Qualifications and Aids to Interpretation (QAI).  Respondent also agreed that the onset of Y.I.'s condition was within the requisite time period set by the Vaccine Injury Table for thrombocytopenic purpura following MMR vaccination  *Id.* at 3-4.

Respondent further stated that she "objects to the characterization of the bone marrow biopsy as a surgical intervention.  However, given Chief Special Master Dorsey's Finding of Fact on September 18, 2015, that the bone marrow biopsy was a surgical intervention, respondent has concluded that compensation is appropriate . . ."[3]  *Id.*

**In view of respondent's recommendation that compensation be awarded and the evidence before me, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

                                      **s/Nora Beth Dorsey**
                                      Nora Beth Dorsey
                                      Chief Special Master

---

[3] Respondent further indicated that she wished to reserve her right to seek appellate review of this determination. Respondent's Rule 4(c) Report at 4, fn. 3.