# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-357V
### Filed: February 4, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| VERA IVANCHUK, as mother and Natural guardian, and ANDREY IVANCHUK, as father and Natural guardian of Y.I., <br><br> Petitioners, <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Damages Decision Based on Proffer; Measles, Mumps, and Rubella (MMR); Thrombocytopenic purpura; Table injury; Special Processing Unit ("SPU") |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA for petitioners.*
*Christine Becer, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On April 9, 2015, Vera and Andrey Ivanchuk ("petitioners") filed a petition for compensation on behalf of Y.I., their minor child, under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). The petition alleged that Y.I. experienced thrombocytopenic purpura following the administration of a number of vaccinations, including Measles, Mumps, and Rubella (MMR). Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On November 19, 2015, the undersigned issued a ruling on entitlement, finding petitioners entitled to compensation.  On February 4, 2016, respondent filed a proffer on award of compensation ("Proffer").  Respondent proffers that, based upon her review of the evidence of record, petitioners should be awarded an amount sufficient to purchase an annuity contract as described in Proffer Section I.A.  Petitioners agrees.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards the following:**

- **An amount sufficient to purchase the annuity contract described in the Proffer Section I.A.** This amount represents all elements of compensation to which Y.I. would be entitled under § 300aa-15(a).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** herewith.[3]

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____

|                                      |    |                            |
|--------------------------------------|----|----------------------------|
| VERA IVANCHUK, as mother and         | )  |                            |
| natural guardian, and                | )  |                            |
| ANDREY IVANCHUK, as father and       | )  |                            |
| natural guardian of Y.I.,            | )  |                            |
|                                      | )  |                            |
|                                      | )  |                            |
| Petitioners,                         | )  | No. 15-357V                |
|                                      | )  | Chief Special Master Dorsey |
| v.                                   | )  | ECF                        |
|                                      | )  |                            |
| SECRETARY OF HEALTH AND              | )  |                            |
| HUMAN SERVICES,                      | )  |                            |
|                                      | )  |                            |
| Respondent.                          | )  |                            |

_____ )

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.**     **Items of Compensation and Form of Award**

Based upon the evidence of record, respondent proffers, and the parties recommend that

compensation be made through future annuity payments as described below, and request that the

special master's decision and the Court's judgment award the following[1]:

A. An amount sufficient to purchase an annuity contract,[2] paid to the life insurance

company[3] from which the annuity will be purchased,[4] subject to the conditions described

below, that will provide payments to Y.I. as set forth below:

---

[1]  Respondent reserves her right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of Chief Special Master Dorsey's Ruling on Facts dated September 18, 2015.  This right accrues following the Chief Special Master's issuance of a final decision on damages.

[2]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

       a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

     1. Beginning December 29, 2026, $18,218.65 payable annually for four (4) years

certain only.[5]

Should Y.I. predecease any of the certain payments set forth above, said payments shall be made

to her estate.  Written notice to the Secretary of Health and Human Services and to the Life

Insurance Company shall be provided within twenty (20) days of Y.I.'s death.[6]

     This amount represents all elements of compensation to which petitioner would be

entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

              Respectfully submitted,

              BENJAMIN C. MIZER
              Principal Deputy Assistant Attorney General

              RUPA BHATTACHARYYA
              Director
              Torts Branch, Civil Division

              VINCENT J. MATANOSKI
              Deputy Director
              Torts Branch, Civil Division

              LINDA S. RENZI
               Senior Trial Counsel
               Torts Branch, Civil Division

---

     b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

     c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or
     AAA;

     d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA,
     AA+, or AAA.

[4]  Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

[5]  At the time payment is received, Y.I. will be an adult, and thus guardianship is not required.

[6] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

*/s/ Christine M. Becer*
CHRISTINE M. BECER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-3665

Dated: February 3, 2016